IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. TIERNEY,<br><br>        Plaintiff,<br><br>    vs.<br><br>NEIL ABERCROMBIE, et al.,<br><br>        Defendants. | )  CIV. NO. 13-00051 LEK/KSC<br>)<br>)<br>)  DISMISSAL ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

### DISMISSAL ORDER

On January 29, 2013, Plaintiff, a Hawaii prisoner incarcerated at the Halawa Correctional Facility ("HCF"), filed a document titled "Motion for Emergency Medical Treatment."  ECF No. 1.  Plaintiff did not use the court's prisoner civil rights complaint form or submit the $350.00 filing fee or an *in forma pauperis* ("IFP") application.  On February 2 and 4, 2013, the Court ordered Plaintiff to submit his claims on the court's prisoner civil rights complaint form and submit an IFP application or civil filing fee on or before **March 6, 2013.**  ECF Nos. 3 and 4.  The Court provided Plaintiff with the necessary forms.

On February 20, 2013, Plaintiff moved for a thirty-day extension of time to file the IFP application; Plaintiff did not request an extension of time to submit an amended complaint on court forms.  ECF No. 6.  On February 21, 2013, the Court granted a thirty-day extension of time to file the IFP application; it

1

did not extend the time to submit the amended complaint on court forms. ECF No. 8.

On March 6, 2013, Plaintiff filed an incomplete IFP application. The Court informed Plaintiff that it would take no action on the IFP application until he submitted a certified prison trust account statement, and granted Plaintiff additional time to provide the statement, until on or before March 28, 2013. ECF No. 10. The Court also directed the Hawaii Department of Public Safety and the HCF Warden to assist Plaintiff if necessary. *Id.* On March 21, 2013, Plaintiff resubmitted the original, incomplete IFP application, again without a trust account statement. Plaintiff states that he gave the forms to his HCF case manager, who simply returned them to him. Plaintiff has never submitted an amended complaint on court-approved forms or a prison trust account statement.

## I. DISCUSSION

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31, 633 (1962) (recognizing courts' power to control their dockets, with or without motion, and noting that in appropriate circumstances, the court may dismiss a complaint for failure to prosecute without

2

notice or hearing).  A court may dismiss an action with prejudice, based on a party's failure to prosecute, obey a court order, or comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and comply with local rules).

Before dismissing an action for failure to prosecute, obey a court order, or comply with court rules, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Ferdik*, 963

3

F.2d at 1260 (noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants").

Here, the first, second, and third factors clearly favor dismissal. Petitioner's failure to comply with the Court's order to file an amended complaint on court forms or submit a complete IFP application prevents the case from proceeding in the foreseeable future. Without the amended complaint, the Court is unable to screen Plaintiff's claims pursuant to 28 U.S.C. § 1915(e), or determine whether Plaintiff, who has accrued three strikes under § 1915(g), can even proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g) (allowing a prisoner with three strikes to proceed *in forma pauperis* on a showing of imminent danger of serious physical injury).

Moreover, Plaintiff is a prolific litigator in this court, who has long clogged the Court's docket with numerous frivolous actions and motions in this and other cases. Plaintiff is also clearly able to amend his complaint on court forms. He is literate and has been sent the forms numerous times. Since commencing this action he has initiated three other actions in this court, and several others in the Hawaii state courts. *See e.g.*, Civ. Nos. 13-00052 JMS; 13-00116 JMS; 13-00132 KSC. And, notwithstanding his claims to the contrary, Plaintiff is able to

4

request from the prison and submit to the court a fully-completed IFP application, including trust account statements, when it suits his purposes. *See e.g.*, Civ. No. 13-00116 JMS, ECF No. 8 (Plaintiff's complete IFP application, including a trust account statement, dated March 12, 2013).

Plaintiff's failure to prosecute this action, in which he alleges the denial of medical care, has already prejudiced the State's ability to promptly respond to and investigate Plaintiff's claims. Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal, particularly in light of Plaintiff's history of pursuing frivolous litigation.

## II.  CONCLUSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." The Court finds that dismissal with prejudice would be unnecessarily harsh. Accordingly, IT IS ORDERED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 29, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tierney v. Abercrombie, et al.*, Civ. No. 13-00051 LEK/KSC; Dismissal Order;
G:\docs\prose attys\Defc'y Ords (pay, ifp, forms)\DMP\2013\Tierney 13-51 LEK  (dsm
fail pros. obey  ct. ord).wpd